**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW MEXICO

OCT 1 2 2010

MATTHEW J. DYKMAN
CLERK

| Edward O'Finnegan, | Civil Action |
| Plaintiff, ProSe' | Number 10 CV965 GBW/LFG |
| -versus- | Judge _____ |
| Capital One Auto Finance, | Trial By Jury Demanded |
| Defendant | |

1.  COMES NOW the Plaintiff, Edward O'Finnegan.  At all times the Plaintiff is a resident of Bernalillo County, State of New Mexico.

2.  Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

### Jurisdiction

3.  The Defendant Capital One Auto Finance, 3905 N Dallas Parkway, Plano, TX 79053 is a credit lender.

4.  The Defendant reports to the national credit reporting agencies; TransUnion, Equifax, Experian and Innovis, all national credit reporting agencies.

5.  As such Defendant is governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq.*

6.  The Defendant is a person within the United States and as such governed under the law by the Telephone Consumer Protection Act 47 USC §227, et seq.

7.  The State of New Mexico abides by and adheres to these laws.  The defendant is governed under these laws.  Thus establishing the jurisdiction of this honorable court.

Page 1 of 23

Specifically the Fair Credit Reporting Act § 618 15 USC §1681p, *et seq*. and Telephone Consumer Protection Act 47 USC §227, et seq.

## Statement of Claim

8.  The Plaintiff denies having any current valid account for credit, loans or services relationship with the Defendant.

9.  Even if the Plaintiff does have such an agreement, which the Plaintiff denies, the alleged account is not in question here.  But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, as well as repeatedly contacting the Plaintiff using an automatic dialing system with Voice Recording on the Plaintiffs' cellular phone.

10. Defendants actions violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, et seq.

11. Defendants actions violated the civil rights of the Plaintiff and the law as outlined in Telephone Consumer Protection Act 47 USC §227, et seq.

12. The Plaintiff requested a copy of his Credit Report from Experian in February of 2010, Equifax and TransUnion in June of 2010, Innovis in August of 2010 and going forward through the credit monitoring service PrivacyGuard, who also records these transactions.

13. Upon inspection of the reports the Plaintiff observed that Capital One Auto Finance was listed on the Plaintiffs Experian, Equifax, TransUnion, and Innovis credit reports. Indicating a debt/account due, listing inaccurate information, reported by Capital One Auto Finance.

14.    Capital One Auto Finance has never contacted the Plaintiff at any time prior to today's date with any response to Plaintiffs requests, and subsequent demands, for account details, history or verified ledger of this alleged account.

15.    The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on August 19th 2010 which the Defendant received on August 21st 2010 asking for proof of this alleged account.

16.    The Plaintiff had contacted the Defendant by US mail on several other occasions prior to this and had never received an answer from the Defendant and has attempted to have an explanation from the Defendant without any response for over 4 months.

17.    After not receiving any answer from the Defendant, the Plaintiff contacted the Defendant on September 1st 2010 with a final notice of Pending Lawsuit in an attempt to settle this situation amicably and try to get a response from the Defendant prior to filing this complaint.

18.    The Plaintiff has tried every way possible to resolve these issues but has never received an answer from Capital One Auto Finance, forcing the Plaintiff to seek Justice and for the court to intervene in this matter.

19.    The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report to date, and is not marked in dispute.

20.    Plaintiff has received numerous calls to the Plaintiffs' cellular phone using an automatic dialing system.

21.    The Defendants automatic dialing system also plays a recorded message: "Hello, I'm trying to connect you to a representative to share important information with you."

22.    The Defendants dialing system usually disconnects after this.

23.    The Plaintiff has requested confirmation/disputed this alleged account with Experian, Equifax, TransUnion and Innovis.  Experian, Equifax, TransUnion and Innovis have confirmed that they are reporting correctly as advised to Experian, Equifax, TransUnion and Innovis by Capital One Auto Finance.

24.    The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged account is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report on a monthly basis even after informing the Defendant of this and asking for proof of alleged account.

25.    Plaintiff has a negative TransUnion credit score of 532 as of this date and has been denied credit at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the defendants.

26.    Plaintiff has a negative Equifax credit score of 537 as of this date and has been denied credit at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the defendants.

27.    Plaintiff has suffered injury in the form of Defamation of character.

28.    Due to these Plaintiff has been denied Credit with Bank of America on August 27th 2010.

29.    The Defendant is in violation of the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], et seq. As follows:

30.        1. Continuing to update the Plaintiff's credit report with erroneous and inaccurate information and doing so for over two months.

31.     2. Failure to inform the National Credit Reporting Agencies that the alleged account
        is in dispute and failing to do so for over two months.

32.     3. Failure to remove account listing from Experian, Equifax, TransUnion and
        Innovis in absence of a response and failing to do so for over three months.

33.     4. Failing to have systems in-place to prevent errors in reporting and failing to do so
        for over two months.

34.     The Defendant is in violation the Telephone Consumer Protection Act [47 U.S.C. § 227],
        et seq. As follows:

35.     1. Placing repeated calls to the Plaintiffs cellular phone using an automatic dialing
        system.

36.     2. Placing repeated calls to the Plaintiffs cellular phone using an artificial or
        prerecorded voice.

**37.    COUNT I through XVI**

38.     Plaintiff re-alleges the allegations set forth in paragraphs 1. through 36., and incorporates
        these allegations by reference.

39.     Reporting erroneous and inaccurate information.

40.     VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

41.     According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of
        information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

42.     (a) Duty of furnishers of information to provide accurate information.

43.     (1) Prohibition.

44.  (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

45.  (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

46.  (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

47.  (ii) the information is, in fact, inaccurate.

48.  Plaintiff alleges Capital One Auto Finance has reported to Experian, Equifax, TransUnion, and Innovis credit reporting agencies erroneous and inaccurate information.

49.  According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

50.  Plaintiff demands Judgment in the amount of $4,000.00 for each month, totaling $16,000.00 as of October 2010, the Defendant violated the act by reporting inaccurate and erroneous information on the Plaintiffs credit reports.

**51.**  **COUNT XVII through XXXII**

52.  Plaintiff re-alleges the allegations set forth in paragraphs 1. through 36., 37. through 50. and incorporates these allegations by reference.

53.  Failing to mark account in Dispute.

54.  VIOLATION OF THE FAIR CREDIT REPORTING ACT

55.  According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

56.  (a) Duty of furnishers of information to provide accurate information.

57.  (1) Prohibition.

58.  (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

59.  (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

60.  (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

61.  (ii) the information is, in fact, inaccurate.

62.  (2) Duty to correct and update information. A person who

63.  (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

64.   (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

65.   (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

66.   Plaintiff alleges Capital One Auto Finance has not notified or reported to Experian, Equifax, TransUnion, and Innovis credit reporting agencies that account is disputed by the consumer.

67.   According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

68. Plaintiff demands Judgment in the amount of $4,000.00 for each month, totaling $16,000.00 as of October 2010, the Defendant has failed to report the alleged account in dispute to Experian, Equifax, TransUnion and Innovis credit reporting agencies.

69. **COUNT XXXIII through XLIV**

70. Plaintiff re-alleges the allegations set forth in paragraphs 1. through 36., 37. through 50., 51. through 68. and incorporates these allegations by reference.

71. Defendant continues to report account to Experian, Equifax, TransUnion and Innovis credit reporting agencies, despite erroneous and inaccurate information and not marking alleged account in dispute and not responding to notice of dispute.

72. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

73. According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

74. (a) Duty of furnishers of information to provide accurate information.

75. (1) Prohibition.

76. (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

77. (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

78. (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

79. (ii) the information is, in fact, inaccurate.

80. Plaintiff alleges Capital One Auto Finance continues reporting this account to Experian, Equifax, TransUnion, and Innovis credit reporting agencies.

81. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

82. Plaintiff demands Judgment in the amount of $4,000.00 for each month, totaling $16,000.00 as of October 2010, the Defendant has continued to report the alleged account to Experian, Equifax, TransUnion, and Innovis credit reporting agencies.

**83. COUNT L through LXV**

84. Plaintiff re-alleges the allegations set forth in paragraphs 1. through 36., 37. through 50., 51. through 68., 69. through 82. and incorporates these allegations by reference.

85. Failure to maintain a system to prevent errors.

86. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

87. According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

88. (e) Accuracy Guidelines and Regulations Required

89.   (1) Guidelines. The Federal banking agencies, the National Credit Union Administration, and the Commission shall, with respect to the entities that are subject to their respective enforcement authority under section 621, and in coordination as described in paragraph (2)--

90.   (A) establish and maintain guidelines for use by each person that furnishes information to a consumer reporting agency regarding the accuracy and integrity of the information relating to consumers that such entities furnish to consumer reporting agencies, and update such guidelines as often as necessary; and

91.   (B) prescribe regulations requiring each person that furnishes information to a consumer reporting agency to establish reasonable policies and procedures for implementing the guidelines established pursuant to subparagraph (A).

92.   (2) Coordination. Each agency required to prescribe regulations under paragraph (1) shall consult and coordinate with each other such agency so that, to the extent possible, the regulations prescribed by each such entity are consistent and comparable with the regulations prescribed by each other such agency.

93.   (3) Criteria. In developing the guidelines required by paragraph (1)(A), the agencies described in paragraph (1) shall--

94.   (A) identify patterns, practices, and specific forms of activity that can compromise the accuracy and integrity of information furnished to consumer reporting agencies;

95.   (B) review the methods (including technological means) used to furnish information relating to consumers to consumer reporting agencies;

96.     (C) determine whether persons that furnish information to consumer reporting agencies

        maintain and enforce policies to assure the accuracy and integrity of information

        furnished to consumer reporting agencies; and

97.     (D) examine the policies and processes that persons that furnish information to consumer

        reporting agencies employ to conduct reinvestigations and correct inaccurate information

        relating to consumers that has been furnished to consumer reporting agencies.

98.     Plaintiff alleges Capital One Auto Finance fails to maintain a system to prevent errors by

        continually reporting this alleged account to Experian, Equifax, TransUnion, and Innovis

        credit reporting agencies, without marking the alleged account in dispute or investigating

        the dispute and correcting the information.

99.     According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance

        [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any

        requirement imposed under this title with respect to any consumer is liable to that

        consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the

        consumer as a result of the failure or damages of not less than $100 and not more than

        $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case

        of any successful action to enforce any liability under this section, the costs of the action

        together with reasonable attorney's fees as determined by the court.

100.    Plaintiff demands Judgment in the amount of $4,000.00 for each month, totaling

        $16,000.00 as of October 2010, the Defendant violated the act by updating the Plaintiffs

        credit reports while failing to maintain systems to prevent error.

101.   **COUNT LXVI through CXXIII**

102.   Plaintiff re-alleges the allegations set forth in paragraphs 1. through 36. and incorporates these allegations by reference.

103.   Defendant made Repeat calls to Plaintiffs cellular phone using automatic dialing system.

104.   VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

105.   According to the Telephone Consumer Protection Act. Restrictions on the use of telephone equipment [47 U.S.C. § 227]:

106.   (b) Restrictions on use of automated telephone equipment

107.   (1) Prohibitions

108.   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

109.   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

110.   (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

111.   (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

112.   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

113.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 11th 2010 at 9:08am.

114.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 12th 2010 at 9:18am.

115.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 12th 2010 at 9:44am.

116.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 13th 2010 at 1:20pm.

117.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 14th 2010 at 8:58am.

118.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 14th 2010 at 9:22am.

119.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 14th 2010 at 9:52am.

120.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 14th 2010 at 10:16am.

121.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 15th 2010 at 1:31pm.

122.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 16th 2010 at 10:00am.

123.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 17th 2010 at 8:25am.

124.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 17th 2010 at 11:48am.

125.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 17th 2010 at 4:40pm.

126.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 17th 2010 at 5:02pm.

127.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 17th 2010 at 5:49pm.

128.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 18th 2010 at 9:26am.

129.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 18th 2010 at 9:51am.

130.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 18th 2010 at 11:33am.

131.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 18th 2010 at 11:47am.

132.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 18th 2010 at 1:33pm.

133.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 18th 2010 at 1:43pm.

134.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 18th 2010 at 3:16pm.

135.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 19th 2010 at 1:17pm.

136.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 19th 2010 at 1:39pm.

137.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 19th 2010 at 2:16pm.

138.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 22nd 2010 at 6:22pm.

139.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 22nd 2010 at 6:38pm.

140.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 23rd 2010 at 11:03am.

141.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 24th 2010 at 9:19am.

142.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 24th 2010 at 9:47am.

143.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 25th 2010 at 1:11pm.

144.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 26th 2010 at 1:35pm.

145.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 26th 2010 at 1:58pm.

146.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 26th 2010 at 2:32pm.

147.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 27th 2010 at 9:20am.

148.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 29th 2010 at 6:13pm.

149.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 29th 2010 at 6:37pm.

150.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 30th 2010 at 9:15am.

151.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 30th 2010 at 9:41am.

152.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 30th 2010 at 11:08am.

153.   Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on August 31st 2010 at 11:40am.

154.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 31st 2010 at 1:15pm.

155.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 31st 2010 at 1:58pm.

156.   Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 31st 2010 at 2:46pm.

157.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on August 31st 2010 at 3:09pm.

158.    Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on September 1st 2010 at 10:38am.

159.    Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on September 1st 2010 at 10:45am.

160.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 2nd 2010 at 1:17pm.

161.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 2nd 2010 at 1:33pm.

162.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 2nd 2010 at 1:48pm.

163.    Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on September 3rd 2010 at 9:45am.

164.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 5th 2010 at 6:22pm.

165.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 5th 2010 at 6:57pm.

166.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 7th 2010 at 9:25am.

167.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 7th 2010 at 10:32am.

168.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 7th 2010 at 10:41am.

169.    Defendant contacted Plaintiff from (800)945-9894 using an automatic dialing system on September 10th 2010 at 1:09pm.

170.    Defendant contacted Plaintiff from (972)378-4101 using an automatic dialing system on September 14h 2010 at 9:48am.

171.    Plaintiff alleges Capital One Auto Finance made Repeat calls to Plaintiffs cellular phone using an automatic dialing system.

172.    According to the Telephone Consumer Protection Act. Restrictions on the use of telephone equipment [47 U.S.C. § 227]:

173.    (b) Restrictions on use of automated telephone equipment

174.    (3) Private right of action

175.    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

176.    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

177.    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

178.    (C) both such actions.

179.    If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the

amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

180.   Plaintiff demands Judgment in the amount of $87,000.00 for calls to Plaintiffs cellular phone made by the Defendant, violating the Telephone Consumer Protection Act by using an automated dialing system to contact a cellular phone.

**181.   COUNT CXXIV through CLXXXI**

182.   Plaintiff re-alleges the allegations set forth in paragraphs 1. through 36., 101. through 180. and incorporates these allegations by reference.

183.   Defendant made Repeat calls to Plaintiffs cellular phone using an artificial or prerecorded voice system.

184.   VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

185.   According to the Telephone Consumer Protection Act. Restrictions on the use of telephone equipment [47 U.S.C. § 227]:

186.   (b) Restrictions on use of automated telephone equipment

187.   (1) Prohibitions

188.   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

189.   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

190.   (i) to any emergency telephone line (including any "911" line and any emergency line of

a hospital, medical physician or service office, health care facility, poison control center,

or fire protection or law enforcement agency);

191.   (ii) to the telephone line of any guest room or patient room of a hospital, health care

facility, elderly home, or similar establishment; or

192.   (iii) to any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service

for which the called party is charged for the call;

193.   Plaintiff alleges Capital One Auto Finance made Repeat calls to Plaintiffs cellular phone

using an artificial or prerecorded voice system.

194.   Plaintiff demands Judgment in the amount of $87,000.00 for calls to Plaintiffs cellular

phone made by the Defendant, violating the Telephone Consumer Protection Act by using

an artificial or prerecorded voice system to contact a cellular phone.

195.   WHEREFORE, the Defendant has violated the Fair Credit Reporting Act, Plaintiff

demands judgment in the amount of $64,000.00 for their violations of the FCRA, as of

October 2010.  Plaintiff demands judgment in the amount of $174,000 for their violations

of the Telephone Consumer Protection Act.  Plus all costs of this action along with

punitive damages in the amount of $300,000.00 or as the court may allow along with

Private Attorney General fees of $3000.00 as prescribed by law Graziano v. Harrison, 950

F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing

Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

196.  1. The Defendant will be barred now or in the future from selling or transferring of the alleged account to any other lender, collection agency or attorney or entity and also barred now and in the future from re-entering this information into the Plaintiffs credit reports.

197.  2. The Defendant must cease and desist any further collection activities against the Plaintiff and the Defendant may not sell or transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future.

198.  3. The Defendant must handle any taxes.

199.  4. Payment of $238,000.00 for their violations.

200.  5. Private Attorney General fees must be paid to the Plaintiff.

201.  6. Damages as allowed by the Court.

202.  Respectfully submitted this 11th day of October 2010.


*Edward O'Finnegan*

Edward O'Finnegan, Plaintiff ProSe'

1014 Washington St SE

Albuquerque, NM 87108

Edward.OFinnegan@gmail.com

505.688.4530

Page 22 of 23