IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD O'FINNEGAN,

    Plaintiff,

v.                                                  No. 10-CIV-965 WJ/LFG

CAPITAL ONE AUTO FINANCE,

    Defendant.

## DEFENDANT CAPITAL ONE AUTO FINANCE'S
## MOTION TO DISMISS WITH ACCOMPANYING AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant CAPITAL ONE AUTO FINANCE, INC. ("Capital One"), by and through undersigned counsel, respectfully submits this Motion to Dismiss the portion of Plaintiff's Complaint [DKT 1] alleging a violation of the Fair Credit Reporting Act[1]. This Motion is supported by the following Memorandum of Points and Authorities.

## INTRODUCTION.

Plaintiff fails to state a claim for relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq,* as a matter of law and Capital One respectfully requests that this Court dismiss Plaintiff's claim. While Capital One vigorously denies the factual allegations that it engaged in conduct amounting to violations of the FCRA, Capital One nevertheless accepts that for motion to dismiss purposes, the well pled factual allegations made in the Complaint will be taken as true. However, Plaintiff's alleged facts, even if true (which they are not), fail to subject Capital One to liability

---

[1] Plaintiff has numerous allegations in his Complaint relating to FCRA claims. Specifically, COAF is seeking to dismiss the claims made in paragraphs 37 through 100 of his Complaint.

under the FCRA. Therefore, the portion of Plaintiff's Complaint relating to the FCRA must be dismissed as a matter of law.

## I. FACTUAL BACKGROUND.

Plaintiff alleges in the FCRA portion of his Complaint that he has no "valid" loan agreement with Defendant Capital One, but "even if Plaintiff does have such an agreement, which the Plaintiff denies, the alleged account is not in question here." [See Complaint at §§ 8-9.] Further, Plaintiff alleges that Capital One reported inaccurate information to credit reporting agencies and that Capital One allegedly refused to amend the substance of its report after Plaintiff allegedly contacted Capital One to dispute the information. [Id. at §§12-19.] However, even if everything that Plaintiff alleged was true, Plaintiff has no standing to sue Capital One for these actions under the FCRA.

## II. LEGAL STANDARD.

To avoid dismissal for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Courts will not assume that a plaintiff can prove facts beyond those alleged in the complaint. See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1035 (9th Cir. 2005). Moreover, courts will not accept as true unsupported conclusions and unwarranted inferences, couched as factual allegations. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009) (stating that pleadings which contain "no more than conclusions, [without any factual support], are not entitled to the assumption of truth"). Rather, under Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

As the Supreme Court held earlier last year in Ashcroft v. Iqbal, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at ___, 129 S. Ct. at 1949.  The Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that such thin pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at ___, 129 S. Ct. at 1949-50.  In order to be "facially plausible" the facts, as pled, must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).  This requires "more than a sheer possibility that a defendant has acted unlawfully," and more than an assertion of facts that are "merely consistent with" a defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).

### III. LEGAL ARGUMENT

#### 1. Capital One Is An Alleged Furnisher Of Information.

The FCRA places obligations on three specific "types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies."  See Whisenant v. First Nat'l Bank & Trust Co., 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003) (citing Aklagi v. Nationscredit Fin., 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002)).  Plaintiff does not allege that Capital One is a consumer reporting agency or a user of consumer reports.  Instead, Plaintiff alleges that Capital One "*reported* to Experian, Equifax, TransUnion, and Innovis credit reporting agencies erroneous and inaccurate information".  [See Plaintiff's Complaint at ¶48.]  Accordingly, and since Capital One's actions allegedly resulted in "adverse reports" to credit agencies, Capital One is a furnisher of information under the FCRA by Plaintiff.

#### 2. Plaintiff does Not Have Standing To Bring A Private Cause Of Action Under 15 U.S.C. § 1681s-2(a) Against Furnishers Of Information.

Under § 1681s-2(a), furnishers of information have a duty to provide accurate information to a credit reporting agency.  However, courts have recognized that there is <u>no</u> private cause of action against a furnisher of information for violations of § 1681s-2(a) - the duty to provide accurate information to a credit reporting agency.  <u>See</u>, <u>e.g.</u>, <u>Nelson v. Chase Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1060 (9th Cir. 2002)("Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished.  Hence, Congress limited the enforcement of the duties imposed by §1681s-2(a) to governmental bodies"); <u>Roybal v. Equifax</u>, 405 F. Supp. 2d 1177, 1179-80 (E.D. Cal. 2005); <u>Cisneros v. Trans Union, LLC</u>, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003); <u>Whisenant</u>, 258 F. Supp. 2d at 1316; <u>Stafford v. Cross Country Bank,</u> 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003); <u>see</u> <u>also</u> 15 U.S.C. §§ 1681s-2(c)(1), 1681s-2(d) (stating that violations of § 1681s-2(a) "shall be enforced *exclusively* as provided under section 1681s of this title *by the Federal agencies and officials and the State officials* identified in section 1681s of this title") (emphasis added).

Plaintiff's Complaint is limited to allegations that Capital One violated 15 U.S.C. § 1681s-2(a) and (e). [<u>See</u> Complaint §§ 42-47, 56-65, 74-79 (specifically citing 15 U.S.C. § 1681s-2(a) and (e))].  Plaintiff does not allege that Capital One violated any other portion of the FCRA.  However, as described above, Plaintiff has no standing to sue Capital One for violations of 15 U.S.C. § 1681s-2(a).  Even if every allegation Plaintiff makes in his Complaint is true, Congress did not provide for a private cause of action under 15 U.S.C. § 1681s-2(a) and Plaintiff has no standing to sue Capital One for violations of 15 U.S.C. § 1681s-2(a).  Therefore, as a matter of law, the Complaint fails to state a claim for relief and the FCRA claims described in paragraphs 37-100 of Plaintiff's Complaint must be dismissed.

Moreover, Plaintiff's allegations under 15 U.S.C. § 1681s-2(e) fail for the same reason.  Paragraph (e) requires the Federal banking agencies and the National Credit

Union Administration to establish and maintain guidelines for each person that furnishes information to a consumer reporting agency. See 15 U.S.C. § 1681s-2(e)(1). Paragraph (e) only applies to the Federal banking agencies and the National Credit Union Administration and it does not impose any duty on Capital One. Capital One simply cannot, as a matter of law, be liable under 15 U.S.C. § 1681s-2(e) because that section of the law does not apply to Capital One.

### IV.    CONCLUSION.

For the foregoing reasons, the Capital One respectfully requests that this Court dismiss the portion of Plaintiff's Complaint relating to the FCRA in its entirety and with prejudice.

RESPECTFULLY SUBMITTED this 22th day of November, 2010.

QUARLES & BRADY LLP
Kevin D. Quigley (kquigley@quarles.com)
John Craiger (jcraiger@quarles.com)
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
(602) 229-5200
Fax (602) 229-5690

and

MODRALL SPERLING
500 Fourth Street NW
Suite 1000
Albuquerque, NM 87102

Stan N. Harris

Attorneys for Capital One Bank, N.A.


By /s/ Stan N. Harris
      Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on the 22nd day of November, 2010, we filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Edward O 'Finnegan (Edward.OFinnegan@gmail.com)
>1014 Washington St S E
>Albuquerque, NM 87108

MODRALL SPERLING ROEHL
 HARRIS & SISK, P.A.


By  /s/ Stan N. Harris
    Stan N. Harris
    Attorneys for Defendant Capital
    One Auto Finance


K:\DOX\CLIENT\82981\0007\W1374808.DOC