IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD O'FINNEGAN,

        Plaintiff,

v.                                                No. 10-CIV-965 WJ/LFG

CAPITAL ONE AUTO FINANCE,

        Defendant.

CAPITAL ONE AUTO FINANCE,

        Counterclaimant,

v.

EDWARD O'FINNEGAN,

        Counterdefendant.

**DEFENDANT CAPITAL ONE AUTO FINANCE'S
ANSWER TO CLAIMS UNDER 47 U.S.C. § 227
AND
<u>COUNTERCLAIM FOR BREACH OF CONTRACT</u>**

Pending before the Court is Defendant Capital One Auto Finance's Motion to Dismiss With Accompanying Authorities [Dkt. 6], requesting the Court dismiss the portions of Plaintiff's Complaint alleging a violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), contained in Paragraphs 37 through 100 of the Complaint. In the event that the Court denies Capital One Auto Finance, Inc.'s ("COAF") Motion to Dismiss, COAF will submit an Answer to those claims.

Addressing <u>only</u> the allegations in the Complaint relating to the Telephone Consumer Protection Act (47 U.S.C. § 227), COAF, through undersigned counsel, hereby admits, denies, and alleges as follows:

1. COAF lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. COAF denies the allegations contained in Paragraph 2 of the Complaint.

3. COAF admits the allegations contained in Paragraph 3 of the Complaint.

4. COAF admits the allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint are a legal conclusion to which no response is required, and to the extent a response is required, COAF denies those allegations.

6. COAF admits the allegation contained in Paragraph 6 of the Complaint that it is a person within the United States. The remainder of the allegations contained in Paragraph 6 of the Complaint are a legal conclusion to which no response is required, and to the extent a response is required, COAF denies those allegations.

7. Regarding Paragraph 7 of the Complaint, COAF admits that jurisdiction is proper. COAF lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies the same. Furthermore, the allegations contained in Paragraph 7 regarding the applicability of the Fair Credit Reporting Act and Telephone Consumer Protection Act are legal conclusions to which no response is required, however, to the extent a response is required, COAF denies those allegations.

8.   COAF denies the allegations contained in Paragraphs 8, 9, 10 and 11 of the Complaint.

9.   COAF lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 12 and 13 of the Complaint and therefore denies the same.

10.   COAF denies the allegations contained in Paragraph 14 of the Complaint.

11.   COAF lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 15, 16, 17, 18, 19, 22 and 23 of the Complaint and therefore denies the same.

12.   COAF denies that the allegations contained in Paragraphs 20 and 21 of the Complaint.

13.   COAF denies the allegations contained in Paragraph 24 of the Complaint.

14.   COAF lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint relating to Plaintiff's credit score, and therefore denies the same. COAF denies the remaining allegations contained in Paragraph 25 of the Complaint.

15.   COAF lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint relating to Plaintiff's credit score, and therefore denies the same. COAF denies the remaining allegations contained in Paragraph 26 of the Complaint.

16.   COAF denies the allegations contained in Paragraph 27 of the Complaint.

17. COAF lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

18. COAF denies the allegations contained in Paragraphs 29, 30, 31, 32, 33, 34, 35 and 36 of the Complaint.

19. Paragraph 101 of the Complaint is merely a heading and no response is required.

20. In responding to Paragraph 102 of the Complaint, COAF incorporates its admissions, denials and statements contained in each of the preceding paragraphs of this Answer as if fully set forth herein.

21. COAF denies the allegations contained Paragraph 103 of the Complaint.

22. COAF denies the allegations contained in Paragraph 104 of the Complaint.

23. COAF admits that Paragraphs 105 through 112 of the Complaint repeat verbatim a portion of 47 U.S.C. § 227, with emphasis added, but denies that COAF violated any provision of the foregoing statute.

24. COAF denies the allegations contained in Paragraphs 113 through 171 of the Complaint.

25. COAF admits that Paragraphs 172 through 179 of the Complaint repeat verbatim a portion of 47 U.S.C. § 227, with emphasis added, but denies that COAF violated any provision of the foregoing statute.

26. COAF denies the allegations contained in Paragraph 180 of the Complaint and requests the Court deny the relief requested.

27. Paragraph 181 is merely a heading and no response is required.

28.     In responding to Paragraph 182 of the Complaint, COAF incorporates its admissions, denials and statements contained in each of the preceding paragraphs of this Answer as if fully set forth herein.

29.     COAF admits the allegations contained in Paragraph 183 of the Complaint.

30.     COAF denies the allegations contained in Paragraph 184 of the Complaint.

31.     COAF admits that Paragraphs 185 through 192 of the Complaint repeat verbatim a portion of 47 U.S.C. § 227, with emphasis added, but denies that COAF violated any provision of the foregoing statute.

32.     COAF admits the allegations contained in Paragraph 193 of the Complaint.

33.     COAF denies the allegations contained in Paragraphs 194 through 201 of the Complaint and requests the Court deny the relief requested.

34.     COAF denies each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     COAF alleges that its conduct falls into an exception described in 47 U.S.C. § 227 and that it did not violate 47 U.S.C. § 227.

2.     COAF alleges the affirmative defenses of waiver, estoppel, failure to state a claim, and lack of standing.

3.     COAF denies that it violated 47 U.S.C. § 227, and denies that any alleged violation was conducted willfully or knowingly.

4.     Plaintiff's injuries, if any, were the result of his own fault or the fault of others.

5. Upon information and belief, Plaintiff's alleged damages and injuries were directly and proximately caused by the superseding, intervening acts and conduct of others over whom COAF had no control, thereby precluding Plaintiff from recovering any actual damages from COAF.

6. In the event that Plaintiff has suffered any legally cognizable injury or damages, which is denied, there is no proximate or other causal connection between any actions or failure to act on the part of the COAF, and the damages, injuries and/or losses alleged by Plaintiff.

7. In the event Plaintiff has suffered any legally cognizable injury or damages, which is denied, Plaintiff has failed to mitigate such damages.

**WHEREFORE**, having answered the allegations in the Complaint relating to the Telephone Consumer Protection Act, COAF prays judgment as follows:

A. That Plaintiff takes nothing by his Complaint and that the same be dismissed with prejudice.

B. That COAF be awarded its attorneys' fees and costs herein incurred because by asserting the groundless claims relating to the Telephone Consumer Protection Act, Plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

C. For such other relief that the Court deems just.

## COUNTERCLAIM

Defendant/Counterclaimant Capital One Auto Finance, Inc. ("COAF"), alleges as follows:

## PARTIES

1. Counterclaimant COAF is a Texas corporation.

2. Counterdefendant Edward O'Finnegan ("O'Finnegan") is an individual, residing in Albuquerque, New Mexico.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court because O'Finnegan resides in New Mexico, and this matter arises out of a contract executed in New Mexico.

## GENERAL ALLEGATIONS

4. On June 21, 2008, O'Finnegan executed and delivered to COAF a Retail Installment Sale Contract, Simple Finance Charge (the "Contract") for a loan to purchase a motor vehicle. A complete and authentic copy of the Contract is attached hereto as Exhibit "A" and incorporated by reference herein.

5. O'Finnegan received the principal loan amount of $17,945.53 (the "Loan").

6. The Contract obligates O'Finnegan to repay the Loan by making monthly payments to COAF at the beginning of each month in the amount of $461.62 (the "monthly payment").

7. O'Finnegan failed to make the monthly payments as required under the Contract.

8. The Contract provides that if O'Finnegan fails to timely make the monthly payment, COAF may accelerate the debt and require him to pay all amounts he owes at once.

9. The Contract provides that COA is entitled to its collection costs incurred, including reasonable attorneys' fees in an amount up to and including 15% of O'Finnegan's debt under the Contract.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

10. COAF incorporates each of the preceding paragraphs as if fully set forth herein.

11. The Contract is a binding contract.

12. O'Finnegan breached the Contract by failing to make the monthly payments.

13. As a direct and proximate result of O'Finnegan's breach of the Contract, COAF has suffered damages in an amount to be proven at trial, but not less than the total outstanding balance of the Loan, plus interest at the rate set forth in the Contract from the date of breach, plus late fees as provided in the Contract.

14. COAF is entitled, per the terms of the Contract, to the costs of collection, including but not limited to its attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE COAF requests that this Court enter a judgment in its favor and against O'Finnegan as follows:

A. Award COAF its resulting damages from the breach of Contract;

B. Award COAF the costs of collection, including but not limited to its attorneys' fees and costs pursuant to the Contract;

C. Interest on the outstanding debt at the rate set forth in the Contract.

D. Pre- and post-judgment interest on the foregoing costs of collection at the highest rate permitted by law; and

E. Such other and further relief as the Court deems just and equitable.

I HEREBY CERTIFY that on the 1st day of April, 2011, I filed the foregoing electronically through the CM/ECF system.

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participant via first-class mail, postage prepaid addressed as follows:

Edward O'Finnegan
1014 Washington Street, SE
Albuquerque, NM 87108

MODRALL SPERLING ROEHL
  HARRIS & SISK, P.A.


By____/s/ Stan N. Harris_____
Stan N. Harris
Attorneys for Defendant Capital
  One Auto Finance, Inc.

K:\dox\client\82981\0007\W1439746.DOCX