UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable Lorenzo F. Garcia**

**CASE NO.**  10cv965 WJ/LFG          **DATE:** April 7, 2011

**TITLE:**   *O'Finnegan v. Capital One Auto Finance*

**COURTROOM CLERK:**   M. Woodward

**COURT IN SESSION:**   2 p.m.   **COURT ADJOURNS:**   2:25 P.M.   **TOTAL TIME:**   25 min.

**TYPE OF PROCEEDING:**   Telephonic Status Conference

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**        **ATTORNEYS PRESENT FOR DEFENDANT(S):**

 Edward O'Finnegan, pro se plaintiff         John Craiger, defense counsel,
                                             Stanley N. Harris, defense counsel

**PROCEEDINGS:**

Court in Session:      2 p.m.

Court:     Explains purpose of conference. Discovery is about 6 weeks from closing. Wishes to check on status of discovery.

Plaintiff:  Did not serve written discovery on Defendants. In the process of preparing a set of interrogatories and will be mailing them. Has not taken or noticed any depositions. Intends to take depositions of head of collection department, head of another department, and call representatives. Has not identified the full name of an intended deponent. Her first name is Christy. Will take two to three depositions. This should complete discovery Plaintiff's discovery.

Court:     Reminds parties that written discovery must be served with sufficient time so that defendants can reply under the rules of civil procedure by the deadline of discovery. Plaintiff must propose times and dates for depositions so that parties can coordinate

|  |  |
|---|---|
|  | dates for counsel, Plaintiff, and deponent.  District's local rule requires a minimum of 14 days notice of scheduling a deposition. |
| Defense: | Served written discovery.  Did not receive responses as deadline as not yet run.  Once satisfactory responses are received, this should conclude Defendant's written discovery.  Has not taken deposition of Plaintiff yet and is awaiting Plaintiff's responses to discovery requests before setting the deposition.  Does not anticipate taking other depositions.  Believes Defendant will complete discovery by deadline.  Has not seen answers, however, to written discovery requests. |
| Court: | Plaintiff's deadline for disclosure of experts was 3/22/11. |
| Plaintiff: | Not using an expert. |
| Defense: | Will not use an expert. |
| Court: | Notes that Plaintiff filed a motion for default judgment.  Also observes that Defendant previously filed an Answer and counterclaim.  Believes, however, that Plaintiff has not yet filed an answer to Defendant's counterclaim. |
| Plaintiff: | Realizes there was an answer by Defendant. |
| Court: | If there is an answer, there cannot be a default.  Does not know what theory he is raising as to the motion for default.  Moreover, Judge Johnson will be resolving that motion.  However, Plaintiff should understand that a party can file a motion to dismiss in lieu of answering.  Under circumstances where a motion to dismiss is filed, the filing of an answer later can still be deemed timely.  Now that Plaintiff understands there is an answer, would he consider withdrawing the motion for default and filing, instead, an answer to the counterclaim? |
| Plaintiff: | Needs time to consider this.  He contends he was not properly served.  He is not filing |

|   |   |
|---|---|
|   | electronically in this case. |
| Court: | Part of its responsibility is to reduce expenses of litigation where possible.  As the court sees the docket, there is an answer to the complaint.  Subsequent to the filing of the answer, Plaintiff filed a motion for default.  Without ruling on this matter, as that decision will be made by Judge Johnson, this Court's view is that it is unlikely that there is a default under these circumstances.  If parties must brief this, additional expense will be incurred where it is not necessary.  The only pleading not answered is Defendant's counterclaim.  Trying to avoid the need for extra work and expense related to the default motion.  Could avoid this if Plaintiff withdrew the default motion.  Plaintiff would not be giving up any claim.  Lawsuit still will be decided on the merits. |
| Plaintiff: | Not trying to generate more expense.  Having difficulty with time line. |
| Court: | Cannot compel Plaintiff to withdraw the motion for default.  However, if Defendant is successful in arguing that Plaintiff's motion for default was improperly filed, there is a potential for Defendant to request and receive an award of attorney fees.  Would Plaintiff take a 10 day period to review pleadings to see if he might be comfortable withdrawing application for default?  If so, he can file notice of withdrawal of motion for default.  If he believes Defendant has defaulted, then notify opposing counsel that he will pursue the motion for default.  Plaintiff also should notify the Court by a letter or note, copying opposing counsel and advising what he intends to do re: the default motion. |
| Plaintiff: | Agrees to this.  Understands Rule 55 may not be appropriate. |
| Court: | Does not need oral argument on the motion. |

Plaintiff: The motion is one for summary judgment in the alternative.

Court: Cannot join different requests for relief in one pleading. Can request default in one pleading and can request summary judgment separately. There was nothing in his motion that set forth uncontested facts, or party's affidavit. Plaintiff is free to file a motion for summary judgment but must do so in accordance with rules.

Court: Has Plaintiff made a proposal to Defendant to try to resolve this case?

Plaintiff: Did send an initial settlement offer. No response received.

Defense: Received the proposal.

Court: It is appropriate to respond to it even if not accepting it.

Defense: Will do it.

Court: Defendant should send letter to Plaintiff explaining its response and consider whether to make a counteroffer.

Plaintiff: Concerned with time line because of responses.

Court: Does not understand. Must respond to discovery requests within the time allowed by rules or must request an extension after first checking with counsel. Short of that, responses must be timely. Otherwise there is a variety of relief that can be provided by the Court under Rule 37, including striking pleadings, imposition of sanctions, and entry of default.

Plaintiff: Concerned with the established scheduled. Not able to put together his interrogatories and document requests until he receives Defendant's responses.

Court: The fault would lie with starting written discovery this late. We are 60 days from` close of discovery. Timing may be a concern but it would be of his own making.

Plaintiff: Believes that he cannot prepare his discovery requests without responses from

|  |  |
|---|---|
| | Defendant. |
| Court: | Not so. No stay of discovery was imposed in this case. Both parties were free to proceed with requests for discovery at an earlier date. |
| Defense: | Will identify a Rule 30(b)(6) witness to address any notice of deposition. |
| Court: | Informs Plaintiff that one can say one wants to depose a person who can respond to various categories of information but Defendant then chooses who to designate under Rule 30(b)(6). Before sending any notice out, must contact defense counsel first and speak with them about proposed deponent, and then discuss and agree on a date for the deposition(s) that is convenient for all involved. Also must consider the 14-day notice requirement under the local rules. This case is already behind the 8 ball in terms of completion of discovery. Court does not anticipate extending discovery deadline in this case, so parties should act expeditiously. |
| Defense: | Nothing else to raise. |
| Court: | Adjourns, 2:25 p.m. |