IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD O'FINNEGAN,

    Plaintiff,

v.                                                     No. CIV 10-965 WJ/LFG

CAPITAL ONE AUTO FINANCE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Defendant Capital One Auto Finance's Motion to Dismiss with Accompanying Authorities*, filed November 22, 2010 [Doc. 6]. The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motion to dismiss will be granted, except that O'Finnegan will have twenty (20) days from the date of the filing of this Order to amend his Complaint in accordance with this Memorandum Opinion and Order.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

The Court accepts the following facts as true solely for the purpose of ruling on the motion to dismiss.

O'Finnegan does not have any current valid account relationships with Capital One Auto Finance ("Capital One Auto"). Doc. 1 ("Comp.") ¶ 9, at 2. In February 2010, O'Finnegan requested

---

[1] O'Finnegan's claims regarding violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., were not addressed in the motion to dismiss and will not be discussed herein.

from Experian a copy of his credit report. *See id.* ¶ 12, at 2. In June 2010, he requested a copy of his credit report from Equifax and TransUnion. *See id.* In August 2010, he requested a copy of his credit report from Innovis. *See id.* On all four of these reports, Capital One Auto was listed as a creditor to whom amounts were due and owed. *See id.* ¶ 13, at 2. O'Finnegan repeatedly contacted Capital One Auto requesting account details, history and verified information for the owed account to no avail. *See id.* ¶¶ 14-18, at 3. O'Finnegan has received repeated automated calls from Capital One Auto but the calls disconnect without him being able to speak to anyone for the caller. *See id.* ¶¶ 20-22, at 3-4. O'Finnegan has requested from Experian, Equifax and Innovis confirmation of the accounts and they have confirmed that the reported information is as Capital One Auto reported it to them. *See id.* ¶ 23, at 4. On none of the credit reports is the account marked as in dispute. *See id.* ¶ 19, at 3.

On October 12, 2010, O'Finnegan filed his Complaint with this Court alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Defendant brings its motion to dismiss only on O'Finnegan's FCRA claims. O'Finnegan filed his Response (Doc. 14) and Capital One Auto replied (Doc. 21).

## DISCUSSION

Capital One Auto contends that O'Finnegan fails to state a valid claim for relief under the FCRA and therefore his FCRA claims should be dismissed. *See* Doc. 6 at 1.

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

2

possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). Courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. The pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the Rule "demands more than an unadorned, the defendant-unlawfully-harmed-me" account. *Iqbal*, 129 S. Ct. at 1949. The Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

O'Finnegan's bases his FCRA arguments specifically on 15 U.S.C. § 1681s-2 of the Act. He repeats in his Complaint the text of § 1681s-2(a) multiple times. As Capital One Auto points out, there is no private right of action under § 1681s-2(a). *See Pinson v. Equifax Credit Info. Servs, Inc.*, 316 F. App'x. 744, 751 (10th Cir. 2009) (unpublished). However, while there is no private right of action under subsection (a), there is a private right of action under subsection (b) of that Section[2] and despite Capital One Auto's argument that "[i]n his Response, Plaintiff does not argue that he stated a claim under a different section of the FCRA that allows for a private right of action," the cases O'Finnegan cites in his Response describe claims made under § 1681s-2(b). *See* Doc. 14 ¶¶ 39-56, at 5-8. "[I]f the court can reasonably read the pleadings to state a valid claim on which [a pro se]

---

[2]*See id.*

3

plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because there is no private right of action under § 1681s-2(a), the Court will grant Capital One Auto's motion to dismiss a claim based on that section, but, recognizing O'Finnegan's confusion of legal theories, the Court will allow O'Finnegan twenty (20) days from date of the filing of this Order to file an amended complaint stating a proper claim, including all of the facts necessary to support a claim, under § 1681s-2(b)[3], should he choose to make such claim.

O'Finnegan also attempts to make a claim under § 1681s-2(e), which requires that "the Federal banking agencies, the National Credit Union Administration, and the Commission" make specific types of guidelines related to consumer reporting. *See* 15 U.S.C. § 1681s-2(e). O'Finnegan has not shown that the subsection is applicable to Capital One Auto. There are no obligations placed upon Capital One Auto under this subsection; therefore O'Finnegan cannot state a claim against it under that subsection. Capital One Auto's motion to dismiss will be granted on this claim. In the event O'Finnegan chooses to amend his Complaint, he shall omit from the amended Complaint any claim under § 1681s-2(e).

## CONCLUSION

Based on the above, the Court concludes that O'Finnegan's FCRA claims must be dismissed. However, O'Finnegan shall have twenty (20) days from the date of the filing of this Order to file an amended complaint that complies with the terms with the Court's above analysis. In the event

---

[3]The Court recognizes that O'Finnegan bases his right to damages on 15 U.S.C. § 1681n and that Capital One Auto did not addressed that subsection in its motion. If applicable to his amended claims, O'Finnegan may again allege that damages claim in his amended complaint.

O'Finnegan files such amended complaint, Capital One Auto shall have twenty (2) days from the date it is filed to file their amended answer responding to the new claim set forth therein. Because O'Finnegan's claims pertaining to the Telephone Consumer Protection Act were not addressed in the motion to dismiss, he may also re-allege those claims in his Amended Complaint if he believes there is a valid factual and legal basis for doing so.

**IT IS THEREFORE ORDERED** that *Defendant Capital One Auto Finance's Motion to Dismiss* [Doc. 6] is **GRANTED** to the extent that O'Finnegan's FCRA claims are dismissed, however, O'Finnegan shall have twenty (20) days from the date of the filing of this Order to file an amended complaint to include a claim under 15 U.S.C. § 1681s-2(b) as set forth in this Memorandum Opinion and Order. Failure of O'Finnegan to timely file an Amended Complaint to include a viable claim under 15 U.S.C. § 1681s-2(b) shall result in the Court entering an Order of Dismissal.

_____
UNITED STATES DISTRICT JUDGE